UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MILLER STEVENS, et al..

Defendant.

CASE NO. 11-cr-5183 RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Defendant Miller Stevens' Motion for Revocation of Detention Order Pursuant to 18 U.S.C.§ 3145(b) [Dkt. #53]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

On March 24, 2011, Defendant, together with three co-conspirators, were indicted by the Grand Jury who handed up a 23-count indictment related to an alleged scheme to purchase used vehicles, roll back the odometers, and resell the vehicles. Part of the scheme involved the defendants' use of false identities. Arrest warrants were issued. Law enforcement devised a plan to arrest all four defendants simultaneously, but for reasons that are unclear, one defendant

1 was arrested prematurely on March 30, 2011 by the Washington State Patrol. Law enforcement
2 attempted to arrest the remaining three defendants, including Miller Stevens, the next day
3 (March 31, 2001), but none were home.

4 When detectives arrived at Defendant's residence to execute the arrest warrant, they were
5 informed by Defendant's common-law wife that he was not at home and was out on an errand.
6 Defendant's wife called Stevens' cell phone and permitted Detective Sugai to speak with the
7 Defendant. Stevens agreed to meet the detectives at a specific location away from his home in
8 approximately 15 minutes – at about 11:45 a.m. Stevens never appeared at the location.

9 At about 2:00 p.m. Stevens checked into the Hampton Inn located in Clackamas, Oregon
10 under the name Kurt Davis. He presented the innkeeper with Alaska identification with that
11 same name. The innkeeper thought the ID appeared fake. She contacted the Clackamas County
12 Sheriff's Office who responded to the Inn at about 4:15 p.m. The officers checked with Alaska
13 officials who confirmed that neither the name nor the ID number were good. The officers then
14 went to the Defendant's hotel room and upon their initial contact with the Defendant, Stevens
15 identified himself as Kurt Davis. When officers asked him to produce the Alaska identification,
16 he said he didn't have his wallet and that his friend must have it. He was later able to produce
17 the wallet and Washington identification and a credit card with the name of Miller Stevens. He
18 claimed he did not know where the Alaska identification was. Oregon officers checked for
19 warrants and the warrant issued in this case came back. Stevens was arrested.

20 Upon a search of the room the officers found the fake Alaska ID folded into fourths and
21 hidden next to the air conditioner. The officers noted that they found no luggage or toiletries in
22 the room and only discovered a sweater belonging to the other occupant of the room, co-
23 defendant Bob Ristick.

24

1    At the detention hearing before Chief Magistrate Judge Karen L. Strombom, Stevens'

2    counsel proffered that the Defendant used the fake ID because he knew there were federal

3    charges pending and he hoped to avoid arrest so he could return home and turn himself in

4    voluntarily.

5                                      DISCUSSION

6        This Court reviews *de novo* the Magistrate Judge's factual findings. *United States v.*

7    *Koenig*, 912 F.2d 1190, 1191-93 (9th Cir. 1990). The Court may, but is not required to, conduct

8    its own evidentiary hearing. *Id.* at 1193 (If [*de novo* review] makes it necessary or desirable for

9    the district judge to hold additional evidentiary hearings, it may do so, . . . .").

10       Here, the Defendant does not contest the above-stated facts, rather he argues that the

11   Magistrate Judge erred in detaining him and points to his previous voluntary appearance in this

12   District after his release by Magistrate Judge Hubel in the District of Oregon and to the

13   performance of his co-defendants on pre-trial release.

14       Defendant's arguments for release are not availing. First, his co-defendants' performance

15   on pre-trial release is not relevant to whether or not this Defendant is a flight risk. Second, while

16   it is true the Defendant appeared in this District as directed by the Magistrate Judge in the

17   District of Oregon, that fact alone is not entirely indicative of future appearances. Thirdly, and

18   most importantly, the circumstances surrounding his arrest in Oregon are highly probative of

19   Stevens' willingness to flee to avoid prosecution.

20       Therefore, the Government has sustained its burden to demonstrate that the Defendant is

21   a risk of flight and that no conditions of release will reasonably assure his appearance. The

22   Defendant's Motion for Revocation of Detention Order [Dkt. #53] is DENIED. The Order of

23   Detention [Dkt. #34] remains in effect.

24

1    IT IS SO ORDERED.

2    Dated this 6th day of September, 2011.

3

4    _R. D. B. Leighton_____

5    RONALD B. LEIGHTON
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER - 4